**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| JESSIE L. DAVIS, | § | |
| | § | |
| Plaintiff, | § | CASE NO. 1:03-CV-1365 |
| | § | |
| v. | § | |
| | § | JUDGE RON CLARK |
| THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY, | § § | |
| | § | |
| Defendant. | § | |

## ORDER ON DEFENDANT'S MOTION TO STRIKE

On April 18, 2004, the court held a hearing on Defendant Burlington Northern and Santa Fe Railway Company's Supplemental Motion to Strike Plaintiff's Expert Dr. William C. "Toby" Hayes **[Doc. # 32]** and held that it will be **GRANTED, in part** and **DENIED, in part**.

For the reasons stated, the court upholds objections to testimony by Dr. Hayes' concerning the Factor of Risk Formula. For the reasons stated, Dr. Hayes may testify about forces measured in completing various tasks and forces that may result on the back, arms, and neck.

Unless Plaintiff can establish a better factual basis for measuring of hand brake tightening measurements, Dr. Hayes shall not express an opinion on these measurements. The video showed a man tightening the handbrake with little apparent strain. Measurements of force needed to "over tighten" or tighten "one more rotation" is not shown to be relevant to what Mr. Davis may have been required to do as there is no evidence that workers are required to over tighten. Accordingly, there are insufficient facts upon which to base an opinion and no showing that the testimony would be based upon reliable principles and methods.

As to testimony about repetitive injury, the various references including government studies indicate that injuries may be caused by high forces without large number of repetition, although, it is not clear that these are "classic" repetitive injuries. Dr. Hayes may testify about the effects, if any, of the number of repetitions of Mr. Davis' activities which Dr. Hayes has previously disclosed he had knowledge of in his reports, his supplemental reports, and his depositions.

For the reasons stated, the court reserves its ruling as to whether Dr. Hayes may testify as to medical causation of a specific injury. Dr. Hayes did not set out any background or qualifications with regards to railroad work, and no factual basis for an opinion that the railroad was negligent. His opinions as to the forces involved in various tasks and what these could do to a human body is information relevant to the case, and may aid the jury. However, in and of itself, this information does not establish one way or the other that the railroad was, or was not negligent. Accordingly, Defendant's objection is upheld.

Questions were raised about expert reports and information provided after the scheduled deadlines, and for which the parties have not agreed to an extension. The parties are cautioned that disclosure requirements in the Federal Rules, the Local Rules, and the court's scheduling order will be enforced, and counsel should review the limited applicability of "good cause" exceptions.

So **ORDERED** and **SIGNED** this **20** day of **April, 2005.**

_____
Ron Clark, United States District Judge